UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARK C. FILING, | ) | CASE NO. 5:07CV1712 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION** |
| WILLIAM L. PHIPPS, et al., | ) | **AND ORDER** |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |
| | ) | |

Before the Court, pursuant to Fed. R. Civ. P. 59(e), is plaintiff's motion to alter or amend the judgment entered on September 24, 2010.[1] (Doc. No. 122, supported by sealed Doc. No. 127.)[2] Defendants filed a brief in opposition (Doc. No. 124) and plaintiff filed a reply (Doc. No. 126). For the reasons set forth below, the motion is **DENIED**.

## I. BACKGROUND

Plaintiff Mark Filing ("Filing") owned 561 of the 2,731 issued and outstanding shares of White Rubber Corporation ("White Rubber"). Effective January 1, 2004, Filing sold 250 of his 561 shares of White Rubber to defendant William Phipps ("Phipps") and White Rubber. He had timely tendered his shares in writing by September 30, 2003 after receiving a letter from White Rubber indicating its willingness to entertain offers to purchase stock. After

---

[1] The Memorandum Opinion is Doc. No. 120.

[2] Filing also styles his motion, in the alternative, as one for relief from the judgment under Fed. R. Civ. P. 60(b). However, he makes no argument under this rule and does not specify which of the six grounds in the rule would entitle him to relief. Therefore, the Court will not address Rule 60 in this opinion and, to the extent Doc. No. 122 seeks relief under Rule 60, it is **DENIED**.

some negotiations, White Rubber's Board of Directors had eventually accepted his offer in November 2003. The agreement was memorialized in a Stock Purchase Agreement with Phipps and a Redemption Agreement with White Rubber which were executed in late February 2004.[3]

On June 8 or 9, 2006, Norcross Safety Products, LLC ("Norcross"), White Rubber's chief competitor, acquired all the shares of White Rubber at a higher price than what was paid to Filing in 2004.

Plaintiff filed this lawsuit alleging that Phipps and several individual Board members committed securities fraud for failing to disclose the acquisition negotiations.[4]

The parties filed cross-motions for summary judgment and, on September 24, 2010, this Court denied Filing's motion and granted defendants' motion, dismissing the case. The Court determined that, assuming Phipps had a duty to disclose material information to Filing, "there was nothing material relating to discussions with Norcross that should have been shared by Phipps in September 2003 when Filing agreed to sell his shares, nor in November 2003 when White Rubber's Board agreed to buy some of his shares, nor in January 2004 when the shares were actually sold to White Rubber and Phipps." (Doc. No. 120 at 11.) The Court concluded that, "[a]t all of those dates, any possible acquisition of White Rubber by Norcross would have been highly speculative, at best." (*Id.*) With respect to the other three Board defendants, the Court concluded that it "need not determine whether [they] had a duty to disclose for the simple reason that there was nothing to disclose." (*Id.* at 12.)

---

[3] During negotiations for these contracts, Filing sought to include a Purchase Price Adjustment ("PPA") clause, which would entitle him to the difference between the price he sold his stock for and any higher value in the event White Rubber was sold within a five-year period following his sale of stock. That proposal was rejected, but Filing did not withdraw his offer to sell his shares and ultimately executed agreements that did not contain the PPA provision.

[4] The Complaint contained many more claims, but these were all dismissed over the course of the proceedings.

On October 22, 2010, Filing timely filed the instant motion under Rule 59(e), which requires motions to alter or amend a judgment to be filed no later than 28 days after the entry of judgment.

## II. DISCUSSION

**A.     Legal Standard**

"Motions to alter or amend judgment may be granted if there is a clear error of law, newly discovered evidence, an intervening chang[e] in controlling law, or to prevent manifest injustice." *Curry v. Eaton Corp.*, 400 Fed. Appx. 51, 72 (6th Cir. 2010) (citing *GenCorp, Inc. v. Am. Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir.1999) (internal citations omitted)). Filing argues that the basis for his motion is "to correct manifest errors of law, based in part on an oversight of facts in the record which directly contradict statements in this Court's Memorandum Opinion [...] and to prevent a manifest injustice from befalling Filing." (Motion, at 1.)

**B.     Analysis**

In his motion, Filing points out that this Court stated in its Memorandum Opinion that there was no contact between White Rubber and Norcross between January 5, 2004, when White Rubber received a due diligence request from Norcross, until May 7, 2004, when Norcross made a non-binding offer to purchase the assets of White Rubber. This was significant in the Memorandum Opinion because Filing's offer to sell his shares was accepted by the Board in November 2003, he actually sold the shares effective January 1, 2004, and the relevant agreements were filed in lateFebruary 2004.

Filing sets forth 9½ pages of facts from the record which he claims this Court omitted and which he asserts are "material." The facts occurred on these dates, according to

3

Filing: **January 6, 2004**, **January 9, 2004**, **January 15, 2004**, **January 22, 2004**, January 28, 2004, **February 10, 2004**, February 18, 2004, *February 19, 2004*, *February 24, 2004*, February 27, 2004, March 10, 2004, March 12, 2004, *March 22, 2004*, April 5, 2004, May 5, 2004, and *May 7, 2004*. Those dates listed in bold type were facts that were contained in plaintiff's summary judgment motion. (Sealed Doc. No. 85.) Those in italics were in Filing's opposition to the defendants' motion for summary judgment. (Doc. No. 94.) The rest are all facts that are in the voluminous record presented to the Court on summary judgment but, as far as the Court can tell, were not pointed to in the summary judgment motion, in the reply brief in support of the motion, or in the brief in opposition to defendants' motion for summary judgment.

"[I]t is not the district court's duty 'to search the entire record to establish that it is bereft of a genuine issue of material fact.'" *Wimbush v. Wyeth*, 619 F.3d 632, 638 n.4 (6th Cir. 2010) (quoting *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1480-81 (6th Cir. 1989)). "The non-moving party must present affirmative evidence on critical issues sufficient to allow a jury to return a verdict in its favor." *Id.* (citing *Street*, 886 F.2d at 1476-77).

That said, the facts presented in the motion to alter or amend the judgment do not change the Court's conclusion that, at the relevant dates relating to Filing's sale of his shares (September 2003, November 2003, January 1, 2004, and late February 2004), "any possible acquisition of White Rubber by Norcross would have been highly speculative, at best." (Doc. No. 120 at 11.)

Plaintiff has not met his burden of proving any of the four reasons for altering or amending a judgment. Plaintiff has pointed to no clear error of law (but only "errors" of fact), no newly discovered evidence, and no intervening change in controlling law. Plaintiff is, obviously, not satisfied with the way this Court applied the law to the facts, but that is the stuff of appeals.

4

Presumably, the only reason plaintiff can rely on is to "prevent manifest injustice." However, what he is really asking is for this Court to reconsider the facts, even facts that he never initially pointed out, and to reconsider how the inferences from those facts are drawn.

The Court is of the view that it gave this case sufficient consideration. If its ruling on summary judgment is incorrect, no doubt the Court of Appeals will say so. At this juncture, the Court stands by its original Memorandum Opinion and **DENIES** Doc. No. 122.

**IT IS SO ORDERED**.

Dated: September 21, 2011

                                            **HONORABLE SARA LIOI**
                                            **UNITED STATES DISTRICT JUDGE**